PRESIDENT, DIRECTORS & Co. OF CASCO BANK *versus* CHARLES MUSSEY.

*Mem.* Shepley J. being interested, took no part in the hearing or decision of this cause.

It is sufficient to charge the indorser of a note signed by the standing committee of a parish, to prove a demand on the committee and notice of such demand to the indorser.

A demand on the treasurer is unnecessary, the parish being under obligation to pay within the time limited by their note.

THIS was an action of assumpsit against the defendant as indorser of a note given by the second Unitarian Society of Portland, signed by the defendant, W. E. Greely and others, their Parish Committee for that purpose, duly authorized, dated Jan. 29, 1838, for $2575, payable to the defendant or order, in 60 days and grace, and by him indorsed. The general issue was pleaded and joined.

Upon the trial before *Emery J.* it was proved that the parish committee had authority to give the note, that it had been indorsed by the defendant; that a demand upon the several persons constituting the committee had been seasonably made, and that due notice was given of such demand and non-payment to the defendant. No demand was made on the parish treasurer, and it was proved that there were no funds in his hands to meet this note, had a demand been made.

John Chute, called as a witness, stated that he was a stockholder in the Casco Bank, as appeared by the books of the bank, but he was only so nominally, the stock standing in his name belonging to others. He testified, subject to the objection to his competency, that the defendant was a director in the bank and acquainted with its usages.

There was likewise evidence tending to show a waiver by the defendant of demand and notice.

Upon the foregoing evidence the cause was withdrawn from the jury and the defendant submitted to a default, subject to be taken off and a nonsuit to be entered against the plaintiff, if on this evidence the action is not maintainable.

*Rand,* for the defendant, argued, that a demand on the parish committee was not sufficient and that it should have been made on the treasurer — and that the want of it was not excused by the want of funds in the treasury. Bayley on Bills, 155–6.

*Adams, contra,* cited Maine Law, c. 503, § 3; *Varner* v. *Nobleborough,* 2 Greenl. 121; *True* v. *Thomas,* 16 Maine R. 36; *Kinsley* v. *Robinson,* 21 Pick. 327; *U. S. Bank* v. *Smyth,* 11 Wheat. 171; *Woodbridge* v. *Brigham,* 13 Mass. R. 556; *Flint* v. *Rogers,* 15 Maine R. 67; *Shaw* v. *Reed,* 12 Pick. 132; Bayley on Bills, 201.

The opinion of the Court was by

WESTON C. J. — Had the instrument declared on been an order, drawn by persons duly authorized, in behalf of the second Unitarian Society in Portland upon their treasurer, a demand on the treasurer must have been made by the holder, before an action could have been maintained against the society. *Varner* v. *Nobleborough,* 2 Greenl. 121. But upon this note, the society had assumed affirmatively the obligation to pay, within the time limited. As against them no demand was necessary. It was not a promise to pay at the treasurer's office, nor that the treasurer should pay. But aside from the effect of the waiver, upon which the plaintiffs rely, a demand of payment was necessary to hold the indorser. The standing

committee were specially authorized to charge the society by giving this note as their organ. From this special authority, as well as from their general powers, we are of opinion, that a demand upon them as representing the society in relation to the subject matter, was sufficient. It appears, that the treasurer was without funds, and it devolved upon the standing committee, rather than upon him, to devise ways and means, to meet the obligations, which the society had assumed. And to this end, as well as for other purposes, the standing committee are clothed with authority to call special meetings of the society. St. of 1821 c. 135, § 3.

We regard it as entirely immaterial to the decision of this cause, whether the defendant was or was not connusant of the usages of the Casco Bank. The admission therefore of Chute, who stood upon their books as a stockholder, as a witness to prove this fact, even if interested, affords no sufficient ground for taking off the default. And a demand being duly made, it becomes unnecessary to decide upon the effect and extent of the waiver proved in the case.

*Judgment for plaintiffs.*